SEVENTY–EIGHT BARRELS (UNITED STATES v.). See Case No. 16,257.

SEVENTY–EIGHT CASES OF BOOKS (UNITED STATES v.). See Case No. 16,258.

SEVENTY–EIGHT CASKS OF WHITE WINE (UNITED STATES v.). See Case No. 16,259.

SEVENTY HOGSHEADS AND NINE BARRELS OF SUGAR (SHEAFF v.). See Case No. 12,730.

———

## Case No. 12,680.

SEVERANCE v. CONTINENTAL INS. CO.

[5 Biss. 156.] [1]

Circuit Court, N. D. Illinois. July, 1870.

INSURANCE—FIRE—LOCATION OF PROPERTY —MISTAKE.

1. Locality is an important element in an insurance policy; and when the location of the property is specified, the risk cannot be extended so as to cover it, if, in fact, it is situate in an adjoining building. This is true, though the insurer supposed that the property was in the

building described; and the policy cannot be reformed on the ground of mistake.

2. Though it appear that the same agents would have taken the risk with equal readiness in either building, though perhaps in a different company, this fact cannot change the contract actually entered into.

This was a bill in equity [by Joshua S. Severance against the Continental Insurance Company] to reform a policy of insurance, and for general relief. The complainant having purchased, on February 25, 1865, of Pollard & Doane, a quantity of tobacco, but not wishing to use it immediately, made arrangements to store it with them, and took from them a warehouse receipt in the ordinary form, setting forth that it was stored at their warehouse, Nos. 189 and 191 South Water street, Chicago. Wishing to obtain insurance upon this tobacco so stored, Severance took the receipt of Pollard & Doane to the insurance agency of Messrs B. W. Phillips & Co., of Chicago, who at that time were agents for the Continental Insurance Company, the present defendant, having other companies represented by them, who issued their policy in due form upon the tobacco, B. W. Phillips & Co., as agents of the Continental Insurance Company, giving the plaintiff the following certificate: "This is to certify that the Continental Insurance Company has insured against loss by fire, under open policy 100, by indorsement thereon on this date, in the sum of $1,800, fifty caddies of tobacco and fifty boxes of plug tobacco, in 189 and 191 South Water street." This policy was extended after the expiration of its first term for a further term of three months, and during the second term of insurance, the same description being given in both certificates, the buildings Nos. 183, 185 and 187 South Water street were destroyed by fire. It appears from the evidence that Pollard & Doane occupied the entire portion of 189 and 191, as a wholesale grocery store, and also a portion of 185 and 187 above the first floors, and that in point of fact, the tobacco in question was never in the buildings 189 and 191, but was, from the time of the sale thereof to Severance, up to the time of its destruction by fire, stored in the upper room of 187 South Water street. The insurance company refused to pay the loss, on the ground that the insurance was on property situated in 189 and 191, while, in fact, the tobacco which the complainant had bought of Pollard & Doane, was stored in 187 and was burned there.

BLODGETT, District Judge. It is claimed on the part of the complainant that there was a mistake—a mutual mistake—between the parties in reference to the locality of this tobacco, and this bill is brought to reform that mistake and compel the insurance company to pay for the loss sustained by the complainant by the destruction of the tobacco which they supposed they had insured. There is no evidence that the insurance company at any time supposed that this tobacco was in 187 at the time they described it as being in 189

and 191, nor is there any evidence that there was any mistake on the part of the insurance company in reference to the locality of the tobacco. It is true, that according to the evidence, the tobacco was in 189 and 191, but it is equally true that to hold that the insurance company would have insured if they had known it was in 187 the same as in 189 and 191, would be virtually to compel them to make a new contract, instead of reforming one which they actually did make. Indeed, there is evidence in the case going to show that the agent of the defendant would not have taken a risk in this company, the Continental, upon this tobacco if he had known it was in 187, because the company was already carrying as large an amount of risk on property in that building as the rules of the company allowed, although he would probably have insured the tobacco with some other company; but because he would have made an insurance with some other company it does not follow he would have made one with the Continental, nor does it follow because the Continental, by its agent, was willing to insure in 189 and 191, they were therefore willing to insure in 187. Locality is an important matter in taking risks upon property, and if the courts can be allowed to say that property described as in one locality in a policy of insurance may, in point of fact, be elsewhere, fifty or a hundred feet away from that locality, it may with equal propriety be a mile away and still be covered by that policy. In other words, there would be no security for insurance companies if you were to spread their liabilities over an indefinite territory when the company supposed it confined to a particular locality.

I am therefore of opinion clearly, that the relief cannot be granted, that there was no mistake on the part of the insurance company that can be reformed by a court of equity. The bill will be dismissed.